FILED°OE·MAR 07 13:04USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAN A. BEEBE,                              Civil No. 03-244-HO

                Petitioner,          ORDER

        v.

JEAN HILL,

               Respondent.

Petitioner,[1] a state prisoner, filed a petition for writ of habeas corpus challenging convictions resulting from his guilty pleas to six counts of an 86-count indictment alleging sexual assaults against children.

<u>Discussion</u>

Petitioner argues that his pleas resulted from counsel's ineffective assistance in failing to investigate and discover

---

[1]The petition and exhibits refer to petitioner as Van A. Beebe or Van Alan Beebe.  Consistent with the court's electronic docket sheet, the captions of subsequent filings in this court refer to petitioner as Dan A. Beebe.

evidence, challenge the admissibility of petitioner's statements
to police, and ensure that petitioner's pleas were knowing and
voluntary.  Petitioner did not appeal his convictions, but
asserted his claims in a state court proceeding for post-
conviction relief (PCR).  The PCR court denied the petition.  In
the event the court determines it should deny the federal
petition on the present record, petitioner requests an
evidentiary hearing.

This court may not grant the application for writ of habeas
corpus unless the PCR court's adjudication of a claim

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The state PCR court's fact determinations
are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner may
rebut the presumption of correctness by clear and convincing
evidence.  Id.

> If the applicant has failed to develop the factual
> basis of a claim in State court proceedings, the
> [federal] court shall not hold an evidentiary hearing
> on the claim unless the applicant shows that
> (A) the claim relies on --
> (i) a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court,
> that was previously unavailable; or
> (ii) a factual predicate that could not have been
> previously discovered through the exercise of due
> diligence; and
> (B) the facts underlying the claim would be sufficient

2 - ORDER

> to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner argues that this court may hear testimony from witnesses counsel failed to locate and interview because petitioner diligently provided the state PCR court with his hearsay testimony as to what these witnesses would have said. However, petitioner failed to develop the testimony of these witnesses in the state PCR court. He provides no account of his efforts, if any, to develop this evidence. Petitioner is not entitled to an evidentiary hearing on this issue. 28 U.S.C. § 2254(e)(2)(A)(ii).

Under clearly established federal law, a convicted defendant claiming ineffective assistance of counsel must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). When a conviction results from a guilty plea, a convicted defendant satisfies Strickland's "prejudice" requirement by proving that but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner specifically contends that counsel failed to (1)

3 - ORDER

obtain medical records, (2) have blood and urine samples drawn
from petitioner to find out which drugs petitioner was taking
when he confessed to police, (3) obtain personal records that
prove innocence, (4) file a motion to suppress evidence, (5)
protect petitioner's right to a fast and speedy trial, (6)
provide petitioner copies of discovery, (7) conduct adequate and
proper pretrial investigation, (8) raise evidentiary objections,
(9) prepare, (10) protect petitioner from undue influence and
threats of violence which forced petitioner to enter guilty
pleas, (11) represent petitioner during physiological and
polygraph examinations, (12) give adequate advice, (13) seek
evaluation concerning petitioner's ability to understand the
nature of the charges against him, and (14) file a notice of
appeal on behalf of petitioner.

Petitioner testified at the PCR court trial.  Ex. 114-A at
3.  The court received documentary evidence, including counsel's
affidavit, petitioner's deposition, the plea petition, the plea
transcript, the plea offer, petitioner's waiver of right to trial
or release within 60 days, and police reports.  Ex. 114-A.  After
trial, the court entered judgment denying the petition, providing
in part,

> Based on the evidence presented, the court finds that
> petitioner is not a credible witness with regard to the
> effect of the medications upon his cognitive abilities,
> his understanding the 60 day waiver, and what his trial
> counsel may have done or advised him to do.  After
> considering all of petitioner's claims, the court finds

that petitioner has failed to prove by a preponderance
of the evidence that trial counsel provided inadequate
assistance.  Petitioner knowingly, intelligently and
willingly entered a plea of guilty to 7 of the 86
separate counts against him.  Petitioner failed to
prove that any of trial counsel's acts or failure to
act would have had a tendency to affect the outcome of
his case.  To the contrary, it appears that trial
counsel achieved a good result for petitioner.

Ex. 114-B.

Citing to Hill, petitioner argues that the PCR court applied

an incorrect legal standard when it determined that petitioner

failed to prove that any of trial counsel's acts or failures to

act would have had a tendency to affect the outcome of his case.

Petitioner contends that he need only prove that but for

counsel's errors, he would have exercised his right to a trial,

and that he need not prove he would have obtained a better result

at trial.  The court does not appreciate the subtle distinction

drawn by petitioner.

> [W]here the alleged error of counsel is a failure to
> investigate or discover potentially exculpatory
> evidence, the determination whether the error
> "prejudiced" the defendant by causing him to plead
> guilty rather than go to trial will depend on the
> likelihood that discovery of the evidence would have
> led counsel to change his recommendation as to the
> plea.  This assessment, in turn, will depend in large
> part on a prediction whether the evidence likely would
> have changed the outcome of a trial.  Similarly, where
> the alleged error of counsel is a failure to advise the
> defendant of a potential affirmative defense to the
> crime charged, the resolution of the "prejudice"
> inquiry will depend largely on whether the affirmative
> defense likely would have succeeded at trial.

Hill, 474 U.S. at 59.  Predictions of the outcome of a possible

trial are made objectively, without regard to the "idiosyncracies of the particular decisionmaker."  <u>Id</u>. at 59-60 (quoting <u>Strickland</u>, 466 U.S. at 695).

Petitioner does not demonstrate that the PCR court unreasonably determined that he was not prejudiced by counsel's alleged failure to investigate petitioner's medical condition and mental state and failure to file a motion to suppress evidence. The PCR court was not required to credit petitioner's testimony that at the time of his arrest he was "wiped out of his mind" (Ex. 112 at 10:21) and "would've probably told you I was president," (Ex. 114-A at 11:1-2), and that his medications made him impotent, so that he could not be guilty of the rape alleged in count 1.

Counsel averred that "[t]he issue of whether petitioner was influenced by prescription drugs such that a motion to suppress would be viable was apparent on the face of the police reports," he discussed the matter with petitioner on September 13 and 14, 1999, and "[s]uch a motion did not appear viable."  Ex. 110 at 1:19-22.  The police reports disclose petitioner's medications and contradict his argument that he did not validly waive his <u>Miranda</u> rights and his testimony that he was not lucid during questioning.  Ex. 111.  Based on the evidence, the court also concludes that the PCR court reasonably applied <u>Strickland</u> in determining that counsel's representation was constitutionally

sufficient in the face of petitioner's allegation that counsel erred by failing to file a motion to suppress evidence. Petitioner points to no police misconduct that could have provided a basis for suppressing petitioner's responses to post-<u>Miranda</u> warning interrogation.

The PCR court was not required to believe petitioner's testimony that counsel erred by failing to discover and/or protect him from threats of violence from his ex-wife and others that allegedly rendered his guilty pleas involuntary.  Counsel averred that he had no knowledge of threats of violence or coercion against petitioner.  Ex. 110 at 3:9-10.  Petitioner informed the trial court that he entered his pleas voluntarily, intelligently and knowingly because he did the charged acts, no one made threats or promises to get him to enter the pleas, and he was satisfied with the advice and help of his lawyer.  Ex. 103; Ex. 104 at 5:12-19, 9:4, 9, 13, 18, 23, at 10:1, 6, 10.

The PCR court did not have to believe petitioner's testimony that counsel failed to investigate favorable witnesses that reasonably could have caused him to choose to proceed to trial. Counsel averred that petitioner did not provide him with a list of the witnesses petitioner now argues that counsel should have investigated, and that petitioner's parents would not have been helpful witnesses.  Ex. 110 at 2:20-3:2.  Furthermore, petitioner's testimony speculating as to what the witnesses would

have said is insufficient to prove prejudice.  See Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001).

The PCR court did not have to accept petitioner's testimony that petitioner informed counsel of the existence of detailed, exculpatory hourly logs of petitioner's activity, allegedly destroyed by petitioner's ex-wife as a result of counsel's failure to promptly investigate.  Counsel averred that nothing in his own log shows that petitioner advised counsel of the hourly logs, and delay in the case was occasioned with petitioner's consent and desire in order to complete an offender evaluation to obtain the most favorable plea bargain.  Ex. 110 at 2:5-6, 14-15, 22-23.  As noted, petitioner registered his satisfaction with counsel's advice in the plea petition and at the change of plea proceeding.

Petitioner argues that he was susceptible to counsel's pressure to enter a plea because of depression, and that counsel should have had petitioner evaluated and treated for depression. Counsel averred that at no time did he believe petitioner was incompetent.  Id. at 3:17.

Petitioner does not explain how he was prejudiced by counsel's alleged failure to provide copies of discovery materials and attend examinations.  Counsel averred that petitioner advised that he did not want discovery sent to the jail, and that petitioner did not alert him that he wished to

8 - ORDER

have more time to read the discovery with counsel's investigator.
Id. at 2:16-18.  Counsel further averred that the evaluation and
treatment process and dangers of disclosure were discussed at
length with petitioner on December 9, 1999, counsel fully advised
petitioner about the risks involved with the polygraph and Center
for Behavioral Intervention offender examination, and that it is
not counsel's practice to attend such examinations.  Id. at 2:9-
13, 3:12-14.

Because there was no trial, there was no occasion for
counsel to raise evidentiary objections.

Regardless of whether counsel failed to heed petitioner's
request to file a notice of appeal, or whether consultation
regarding a possible appeal was ongoing (compare ex. 110 at 3:20-
4:10 with ex. 112 at 54:22-55:25 and ex. 114-A at 21:12-22:14),
petitioner demonstrates no prejudice.  Had counsel filed a notice
of appeal on petitioner's behalf, petitioner would not have
prevailed on direct appeal on his claim that he entered his pleas
involuntarily.  The evidence in the trial court record could only
support the conclusion that petitioner entered his pleas
knowingly and voluntarily.  Petitioner's claim that his pleas
resulted from ineffective assistance of counsel was not
cognizable on direct appeal.  State v. Pettypool, 676 P.2d 368
(Or. App. 1984).

Based on the foregoing, the court finds that the PCR court's

9 - ORDER

adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, <u>Strickland</u> and <u>Hill</u>, or that was based on an unreasonable determination of the facts in light of the evidence presented. To the extent the PCR court failed to make factual determinations or adjudicate petitioner's claims, this court holds that petitioner does not prove objectively unreasonable representation by trial counsel resulting in prejudice, with respect to any of his claims.

<u>Conclusion</u>

Based on the foregoing, the petition for writ of habeas corpus [#2] is denied.  This proceeding is dismissed.

IT IS SO ORDERED.

DATED this _____ day of March, 2006.


_____
United States District Judge